******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

ALOYSIUS KARGUL ET AL. *v.* MIKA-ELA
SMITH ET AL.
(AC 40196)

Sheldon, Elgo and Bright, Js.

*Syllabus*

The plaintiff landlords sought, by way of a summary process action, to regain possession of certain premises that they had rented to the defendant tenants. The plaintiffs served a notice to quit for nonpayment of rent on the defendants and filed a summary process action. Thereafter, the plaintiffs withdrew the complaint. Subsequently, the plaintiffs filed a second notice to quit and commenced a new summary process action. The trial court granted the parties' motion for a stipulated judgment and rendered judgment thereon. Subsequently, the plaintiffs requested an order of execution for possession on the ground that the defendants had failed to comply with the terms of the stipulated judgment, which the trial court granted following a hearing, and the defendants appealed to this court. On appeal, they claimed that the trial court lacked subject matter jurisdiction over the present summary process action, which was based on their claim that the plaintiffs had terminated the lease agreement between the parties by serving the initial notice to quit possession, and thereby deprived the court of jurisdiction to entertain the second summary process action. *Held* that the trial court did not lack subject matter jurisdiction over the plaintiffs' subsequent summary process action; the continuation of the lease agreement between the parties was restored when the plaintiffs withdrew the first action against the defendants prior to the commencement of a hearing on its merits, which had the effect of wiping the slate clean as though the eviction predicated on the prior notice to quit possession had never been commenced.

Argued March 6—officially released June 26, 2018

*Procedural History*

Summary process action brought to the Superior Court in the judicial district of New London at Norwich, Housing Session, where the court, *Newson, J.*, granted the parties' motion for a stipulated judgment for possession in favor of the plaintiffs subject to a stay of execution, and rendered judgment thereon; thereafter, the court granted the plaintiffs' motion for execution and denied the defendants' objection to the execution, and the defendants appealed to this court. *Affirmed.*

*Mark DeGale*, self-represented, with whom, on the brief, was *Mika-Ela Smith*, self-represented, the appellants (defendants).

*Bryan P. Fiengo*, for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The self-represented defendants, Mika-Ela Smith and Mark DeGale, appeal from the judgment of the trial court rendered in favor of the plaintiffs, Aloysius Kargul and Barbara Greczkowski. On appeal, the defendants claim that the trial court lacked subject matter jurisdiction over this summary process action. We affirm the judgment of the trial court.

The relevant facts are not in dispute. On August 29, 2016, the plaintiffs served on the defendants a notice to quit possession of real property known as 38 Williams Street in Jewett City due to nonpayment of rent. On October 5, 2016, the plaintiffs commenced a summary process action against the defendants (first action), alleging that they had failed to make payments in accordance with an oral lease agreement (agreement) between the parties. In response, the defendants filed a motion to dismiss the action. Before that motion was acted upon by the court, the plaintiffs on November 8, 2016, filed a withdrawal of the first action.

The plaintiffs served a second notice to quit possession on the defendants on November 14, 2016. The plaintiffs then commenced the present summary process action against the defendants, alleging that the agreement between the parties had terminated by lapse of time. The parties thereafter filed a motion for judgment by stipulation with the court.[1] By order dated January 11, 2017, the court granted that motion and rendered judgment in accordance with the stipulation of the parties.

Approximately one month later, the plaintiffs filed an affidavit of noncompliance with the court, in which they averred that the defendants had failed to comply with the terms of that judgment. The plaintiffs thus requested that an execution for possession issue. The defendants objected to that request, and the court held an evidentiary hearing on the matter. At the conclusion of that hearing, the court found that the defendants had violated the terms of the stipulated judgment.[2] Accordingly, the court ordered that the summary process execution "may be issued immediately." This appeal followed.

On appeal, the defendants claim that the trial court lacked subject matter jurisdiction over this summary process action. They contend that the plaintiffs, in serving the initial notice to quit possession in August, 2016, "terminated the agreement between the parties without equivocation or reservation," and thereby deprived the court of jurisdiction to entertain the summary process action commenced by the plaintiffs four months later. The defendants are mistaken.

It is true that "[s]ervice of a notice to quit possession is typically a landlord's unequivocal act notifying the tenant of the termination of the lease." *Housing Author-*

*ity* v. *Hird*, 13 Conn. App. 150, 155, 535 A.2d 377, cert. denied, 209 Conn. 825, 552 A.2d 433 (1988). As this court has recognized, however, a plaintiff possesses an "absolute and unconditional" statutory right to withdraw its summary process action prior to the commencement of a hearing thereon. Id., 157; see General Statutes § 52-80 ("[t]he plaintiff may withdraw any action . . . before the commencement of a hearing on [its] merits"). When a plaintiff exercises that statutory right, its withdrawal of the action "effectively erase[s] the court slate clean as though the eviction predicated on [an earlier] notice to quit possession had never been commenced." *Housing Authority* v. *Hird*, supra, 157. In such instances, the plaintiff and the defendant to the summary process action are " 'back to square one,' and *the continuation of their lease . . . [is] restored.*" (Emphasis added.) Id. For that reason, our Supreme Court has held that "after withdrawing [an] initial summary process action, the plaintiffs, as landlords, [are] required to serve a new notice to quit prior to commencing a new summary process action." *Waterbury Twin, LLC* v. *Renal Treatment Centers-Northeast, Inc.*, 292 Conn. 459, 474, 974 A.2d 626 (2009).

Guided by that precedent, we conclude that when the plaintiffs withdrew the first action against the defendants prior to the commencement of a hearing on its merits, the continuation of the agreement between the parties was restored. *Housing Authority* v. *Hird*, supra, 13 Conn. App. 157. The trial court, therefore, did not lack subject matter jurisdiction over the plaintiffs' subsequent summary process action.

The judgment is affirmed.

[1] That stipulation was signed by the parties and states in relevant part: "By agreement of the parties, judgment for possession will enter in favor of the [plaintiffs] with a final stay of execution through/until June 30, 2017, based on the following conditions . . . .

"1. Defendants to pay use and occupancy of $950, beginning January 11, 2017.

"2. Defendants to allow realtor to show premises for sale, including access to all buildings on the property.

"3. Defendants to clean up premises to prepare for showing after February 1, 2017 premises for sale, including repairs to any holes in the wall.

"4. Defendants to leave premises clean [and] in broom swept condition.

"5. All keys to be returned to landlord on June 30, 2017.

"6. Defendants to put toilet and sink back in upstairs bathroom.

"7. Defendants to leave all fixtures in the home upon leaving.

"8. Both parties agree to waive canvass."

[2] In its corresponding order, the court found that "[t]he defendants failed to make the requisite use and occupancy payments as agreed to in their stipulation. The defendants failed to cooperate with the realtor as agreed to in their stipulation. The defendants failed to clean up the premises as agreed to in their stipulation."